**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDELIO CAMPOS HERNANDEZ, | No. 11-70935 |
| Petitioner, | |
| v. | Agency No. A092-801-953 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Edelio Campos Hernandez, a native and citizen of Guatemala, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Even if Campos Hernandez's asylum application was timely, substantial evidence supports the agency's finding that his past experiences in Guatemala, including the incident in which police once hit him in the chest with a rifle, did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003). Substantial evidence also supports the BIA's determination that his fear of gang-related crime in Guatemala is not a basis for relief. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Accordingly, Campos Hernandez's asylum claim fails.

Because Campos Hernandez failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Further, substantial evidence supports the BIA's denial of CAT protection because Campos Hernandez failed to demonstrate it is more likely than not he would be tortured upon return to Guatemala. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

Finally, we lack jurisdiction to review Campos Hernandez's contentions related to an application for permanent resident status because he did not raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**